**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re :   Case Number **6:19-bk-04874-KSJ**
          Chapter 7

**Alexander Rios Perez** and
**Lilly Ivette Zayas Gonzalez**,
                    Debtor(s).
_____/

**CHAPTER 7 TRUSTEE'S (I) APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES TO PROCURE CONSENTED PRIVATE SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330 AND (II) APPLICATION TO RETAIN KAVITA HANISHA UTTAMCHANDANI AS TRUSTEE'S LISTING AGENT AND TO PROCURE CONSENTED PRIVATE SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330**

The duly appointed trustee in this Chapter 7 case, Marie E. Henkel ("Trustee"), by and through her undersigned counsel, applies for an Order approving the employment of (I) BK Global Real Estate Services ("BKRES") under the terms set forth in the BKRES Affidavit of Disinterestedness attached at *Exhibit "A"* ("BKRES Affidavit"), and (II) Kavita Hanisha Uttamchandani of Century 21 Carioti as listing agent ("Listing Agent") under the terms of the agreement ("Listing Agreement") attached to the Listing Agent's Affidavit of Disinterestedness at *Exhibit "B"* ("Listing Agent Affidavit"). In support thereof, the Trustee respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. On July 24, 2019, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

5. The Trustee held and concluded the initial 341 meeting on September 17, 2019.

6. The Debtor scheduled a 100% ownership interest in the real property, located at 7933 Iceland Gull Street, Winter Garden, FL 34787 ("Property") with the following legal description:

   **Lot 39, Block U, of BLOCKS T AND U, SUMMERLAKE PD PHASE 1B – A REPLAT, according to the plat thereof as recorded in Plat Book 78, Pages 44 through 46, inclusive, of the Public Records of Orange County, Florida.**

   **Parcel No. 28-23-27-0567-21-390**

7. The Debtor's schedules reflect there is no equity in the Property. Furthermore, the Debtor scheduled the Property as having a value of $330,000.00 subject to a mortgage ("Mortgage") in favor of Chase Mortgage ("Secured Creditor") in an amount owed on the Petition Date of approximately $330,780.00, and subject to delinquent homeowners association dues ("Dues") in favor of Summerlake Community Association, Inc. ("Homeowners Association") in an amount owed on the Petition Date of approximately $12,468.91.

8. The Trustee, after review of the case, the BK Score™[1], sales analysis report, and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

    a. Sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;
    b. Buy the Property from the Debtor's estate if (and only if) no such offer is made;
    c. Release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale);
    d. If the Property is sold to a third party, agree to a 11 U.S.C. § 506 surcharge to pay all the expenses associated with the proposed sale, including payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carveout for the benefit of allowed unsecured creditors of the Debtor's estate;
    e. If Secured Creditor purchases property, agree to a 11 U.S.C. § 506 surcharge to pay all the expenses associated with the proposed sale, including the payment of a 2% real estate brokerage commission of BKRES, of which a $500.00 fee will be paid to Listing Agent, and provide a carveout for the benefit of allowed unsecured creditors of the Debtor's estate.
    f. Such consent is the best way for the estate to realize any benefit from the property and generate any value for the estate.

9. Trustee expects BKRES and Listing Agent to obtain Secured Creditor's Consent and bring a separate motion seeking an order approving the sale of the Property ("Motion to Approve Sale") within several months of the entry of the order sought by this Application.

10. By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (I) retain BKRES to procure Secured Creditor's Consent, (II) retain Kavita Hanisha Uttamchandani as Listing Agent and to procure Secured Creditor's Consent, and (III)

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

approve Secured Creditor's payment of the fees described below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

**APPLICATION**

11. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327…on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee…or a professional person employed under section 327…(A) reasonable compensation for actual, necessary services rendered [by such party]…and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

12. As further descried in the materials attached to their affidavits, BKRES[2] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

13. The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such sale is in the best interest of the estate, but can only be achieved if Secured Creditor's Consent is first obtained. That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditor's Consent is in the best interest of the Debtor's estate.

14. In no event will the estate have any obligation to pay BKRES or Listing Agent. The terms of the BKRES Affidavit and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted, and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving sale.

15. BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

16. The Trustee submits that the terms of employment and compensation are set out in the BKRES Affidavit and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

---

[2] BKRES is the broker affiliate of BK Global (http://www.bkginc.com)

17. BKRES attests that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a).  Attached hereto as *Exhibit "A"* is an Affidavit of Disinterestedness of BKRES.  BKRES also attests, pursuant to Bankruptcy Rule 2016, that is shall not split or share its fee with any individual or entity other than Listing Agent.

18. Listing Agent attests that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a).  Attached hereto as *Exhibit "B"* is an Affidavit of Disinterestedness of Listing Agent.  Listing Agent also attest, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES and as disclosed in the Listing Agreement.

## CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Affidavit and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Dated this October 10, 2019.

*/s/ Kristen L. Henkel*
Kristen L. Henkel, Esq.
Florida Bar No. 81858
M. E. Henkel, P.A.
3560 South Magnolia Avenue
Orlando, Florida 32806
Telephone : (407) 438-6738
Facsimile : (407) 858-9466
khenkel@mehenkel.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was provided by United States Mail, postage prepaid, or by electronic delivery to : United States Trustee, 400 W. Washington St., Suite 1100, Orlando, Florida 32801; Alexander Rios Perez Lilly Ivette Zayas Gonzalez, 614 E Hwy 50, Apt 375, Clermont, FL 34711-3164, *Debtor(s);* Flavio E. Alvarez, 911 N. Main St., Ste. 8, Kissimmee, FL 34744, *Debtor(s)' Attorney,* on October 10, 2019.

*/s/ Kristen L. Henkel*
Kristen L. Henkel, Esq.